Royal F. Oakes (SBN 080480)
roakes@mail.hinshawlaw.com
Michael A.S. Newman (SBN 205299)
mnewman@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:  213-680-2800
Facsimile:  213-614-7399

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendant
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA EISEN-HERMAN, | Case No. 2:15-cv-8234-GW (JPRx) |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| METROPOLITAN LIFE INSURANCE COMPANY AND DOES 1-50, | |
| Defendants. | Complaint Filed:  9/3/15 |

1    Defendant Metropolitan Life Insurance Company ("MetLife") and Plaintiff
2  Barbara Eisen-Herman ("Plaintiff") (collectively, the "parties"), hereby submit a
3  proposed stipulated protective order.  The parties agree to the form and its issuance.

4

5        A. PURPOSES AND LIMITATIONS

6        As the parties have represented that discovery in this action is likely to
7  involve production of confidential, proprietary, and/or private information for which
8  special protection from public disclosure and from use for any purpose other than
9  prosecuting this litigation may be warranted, this Court enters the following
10  Protective Order.  This Order does not confer blanket protections on all disclosures
11  or responses to discovery.  The protection it affords from public disclosure and use
12  extends only to the limited information or items that are entitled to confidential
13  treatment under the applicable legal principles.  When filing materials under seal,
14  the parties will comply with Civil Local Rule 79-5 and with any pertinent orders of
15  the assigned District Judge and Magistrate Judge.

16

17        B. GOOD CAUSE STATEMENT

18        In light of the nature of the claims and allegations in this case and the parties'
19  representations that discovery in this case will involve the production of confidential
20  records, and in order to expedite the flow of information, to facilitate the prompt
21  resolution of disputes over confidentiality of discovery materials, to adequately
22  protect information the parties are entitled to keep confidential, to ensure that the
23  parties are permitted reasonable necessary uses of such material in connection with
24  this action, to address their handling of such material at the end of the litigation, and
25  to serve the ends of justice, a protective order for such information is justified in this
26  matter.  The Parties shall not designate any item as CONFIDENTIAL MATERIAL
27  unless the designating Party has a reasonable and good faith belief that it meets the
28  definition as listed herein..

1

This Protective Order does not require production of attorney work product materials or materials covered by the attorney-client privilege, which may continue to be withheld from discovery by any Party unless otherwise ordered by the Court.

2.   DEFINITIONS

2.1   Action:   The instant action:   *Barbara Eisen-Herman v. Metropolitan Life Insurance Company,* USDC Case No. 15-CV-8234-GW.

2.2   Challenging Party:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or sensitive proprietary, commercial, and/or financial information and materials not generally known to third parties, and which the producing party would not ordinarily reveal to third parties, unless pursuant to a Non-Disclosure Agreement (with said third parties).

2.4   Counsel:   Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party:   a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert:   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   House Counsel:   attorneys who are employees of a party to this Action.

2

House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

For purposes of this Protective Order, CONFIDENTIAL MATERIAL can apply to and include but not necessarily be limited to any and all items, documents, information contained in a document, writings (as defined by California Evidence Code § 250), items contained in writings, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

things, testimony, transcripts, discovery responses, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.All CONFIDENTIAL MATERIAL produced or exchanged in the course of this litigation shall be used solely for the purpose of preparing for and conducting the litigation of the instant Action.   Any previous dissemination of subsequently-designated material shall not be used for any other purpose except as set forth herein.  It shall not be disclosed to any person except in accordance with the terms hereof.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.    In    the    event    that CONFIDENTIAL MATERIAL is disclosed or made available to a witness at a deposition or other proceeding, the witness may not retain such CONFIDENTIAL MATERIAL or notes reflecting such CONFIDENTIAL MATERIAL after the conclusion of the witness' testimony.  Nothing herein shall be construed to place any limitations upon the testimony of that witness in any proceeding in this action. Nothing herein shall prevent a deposition witness from reviewing a transcript of his or her deposition testimony, and any exhibits thereto, in accordance with the *Federal Rules of Civil Procedure* and any stipulation on the record by counsel. However, such witness may be required to review and sign his/her/its deposition transcript at the office of the Court Reporter.   Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as CONFIDENTIAL MATERIAL consents to such disclosure or, if a Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing CONFIDENTIAL MATERIAL in any examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the CONFIDENTIAL MATERIAL, irrespective of which party produced such information.

4

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

this Order (see, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony. For the original deposition transcript and each copy thereof, the court reporter for the deposition shall separately bind the portion of the deposition transcript containing

6

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

CONFIDENTIAL MATERIAL and any deposition exhibits containing CONFIDENTIAL MATERIAL. To the extent possible, the court reporter shall segregate into separate transcripts information designated as CONFIDENTIAL MATERIAL with blank, consecutively numbered pages being provided in a non-designated main transcript.   The court reporter for the deposition shall mark the cover page of such separately bound volumes by affixing or stamping those volumes as "CONFIDENTIAL" as is applicable to that volume. The separate transcript containing CONFIDENTIAL MATERIAL shall have page numbers that correspond to the blank pages in the main transcript.  Any such marked volumes are subject to the provisions of this Order.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality by way of noticed motion, so long as it is filed and heard in conformance with the District Judge's scheduling order.  The parties shall cooperate and act in good faith in scheduling the briefing and hearing to allow the

7

1   challenge to be timely heard.

2     6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

3   resolution process under Local Rule 37-1, *et seq.*

4     6.3 The burden of persuasion in any such challenge proceeding shall be on

5   the Designating Party. Frivolous challenges, and those made for an improper

6   purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

7   parties) may expose the Challenging Party to sanctions. Unless the Designating

8   Party has waived or withdrawn the confidentiality designation, all parties shall

9   continue to afford the material in question the level of protection to which it is

10   entitled under the Producing Party's designation until the Court rules on the

11   challenge.

12

13   7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

14     7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

15   disclosed or produced by another Party or by a Non-Party in connection with this

16   Action only for prosecuting, defending, or attempting to settle this Action.  Such

17   Protected Material may be disclosed only to the categories of persons and under the

18   conditions described in this Order. When the Action has been terminated, a

19   Receiving Party must comply with the provisions of Section 13 below.

20     Protected Material must be stored and maintained by a Receiving Party at a

21   location and in a secure manner that ensures that access is limited to the persons

22   authorized under this Order.

23     7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

24   otherwise ordered by the court or permitted in writing by the Designating Party, a

25   Receiving Party may disclose any information or item designated

26   "CONFIDENTIAL" only to: :

27     (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

28   as employees of said Outside Counsel of Record to whom it is reasonably necessary

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

1   to disclose the information for this Action;

2       (b)   the officers, directors, and employees (including House Counsel) of the

3   Receiving Party to whom disclosure is reasonably necessary for this Action.

4       (c)   Experts (as defined in this Order) of the Receiving Party to whom

5   disclosure is reasonably necessary for this Action and who have signed the

6   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7       (d)  the court and its personnel;

8       (e)  court reporters and their staff;

9       (f)   professional jury or trial consultants, mock jurors, and Professional

10  Vendors to whom disclosure is reasonably necessary for this Action and who have

11  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12      (g)   the author or recipient of a document containing the information or a

13  custodian or other person who otherwise possessed or knew the information;

14      (h)   during their depositions, witnesses, and attorneys for witnesses, in the

15  Action to whom disclosure is reasonably necessary provided (1) the deposing party

16  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

17  form attached as Exhibit A hereto; and (2) they will not be permitted to keep any

18  confidential information unless they sign the "Acknowledgment and Agreement to

19  Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party

20  or ordered by the court.  Pages of transcribed deposition testimony or exhibits to

21  depositions that reveal Protected Material may be separately bound by the court

22  reporter and may not be disclosed to anyone except as permitted under this

23  Protective Order.; and

24      (i)   any mediator or settlement officer, and their supporting personnel,

25  mutually agreed upon by any of the parties engaged in settlement discussions or

26  designated by the Court.

27

28  8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be

10

1   construed as prohibiting a Non-Party from seeking additional protections.

2       (b)   In the event that a Party is required, by a valid discovery request, to

3   produce a Non-Party's confidential information in its possession, and the Party is

4   subject to an agreement with the Non-Party not to produce the Non-Party's

5   confidential information, then the Party shall:

6           (1)  promptly notify in writing the Requesting Party and the Non-Party

7   that some or all of the information requested is subject to a confidentiality

8   agreement with a Non-Party;

9           (2)  promptly provide the Non-Party with a copy of the Protective

10   Order in this Action, the relevant discovery request(s), and a reasonably specific

11   description of the information requested; and

12           (3)  make the information requested available for inspection by the

13   Non-Party, if requested.

14       (c)  If a Non-Party represented by counsel fails to commence the process

15   called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

16   notice and accompanying information or fails contemporaneously to notify the

17   Receiving Party that it has done so, the Receiving Party may produce the Non-

18   Party's confidential information responsive to the discovery request.   If an

19   unrepresented Non-Party fails to  seek a protective order from this court within 14

20   days of receiving the notice and accompanying information, the Receiving Party

21   may produce the Non-Party's confidential information responsive to the discovery

22   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

23   not produce any information in its possession or control that is subject to the

24   confidentiality agreement with the Non-Party before a determination by the court

25   unless otherwise required by the law or court order.  Absent a court order to the

26   contrary, the Non-Party shall bear the burden and expense of seeking protection in

27   this court of its Protected Material.

28

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order if the Court so allows.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future

12.2   Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

13

1  Section 4.

2      14.    Any violation of this Order may be punished by any and all appropriate

3  measures including, without limitation, contempt proceedings and/or monetary

4  sanctions.

5

6  IT IS SO STIPULATED.

7

8  DATED:  January 26, 2017                    HINSHAW & CULBERTSON LLP

9
                                      By:  /s/ James C. Castle
10                                         Royal F. Oakes
                                           James C. Castle
11                                         Attorneys for Defendant
                                           Metropolitan Life Insurance Company
12
                                           DORENFELDLAW, INC.
13  DATED:  January 26, 2017

14
                                      By:  /s/ Michael Brown
15                                         David K. Dorenfeld
                                           Michael Brown
16                                         Attorneys for Plaintiff
                                           Barbara Eisen-Herman
17

18

19

20  IT IS SO ORDERED.

21

22  DATED: January 31, 2017

23                                         _____
                                           Honorable Jean P. Rosenbluth
24                                         United States Magistrate Judge

25

26

27

28

                                      14

1
2
3
4
5
6

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

7
8
9
10
11
12
13
14
15
16
17
18

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

_____ in the case of *Eisen-Herman v. Metropolitan Life

Insurance     Company,*     Case     No.     2:15-cv-8234-GW     (JPRx)

_____.   I agree to comply with and to be

bound by all the terms of this Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

19
20
21
22
23
24
25
26
27
28

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.   I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152

Printed name: _____

Signature: _____

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36244891v1 0963152